# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| CHARLES LAMAR HICKS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:14cv493 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Charles Lamar Hicks, an inmate confined at the Wynne Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for aggravated robbery.

The court previously referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.[1]

*Failure to Investigate*

Petitioner asserted his counsel was ineffective for failing to conduct an adequate investigation. The Magistrate Judge stated petitioner had not described what additional evidence further investigation would have uncovered or how additional evidence would have assisted the defense. The Magistrate Judge therefore concluded petitioner had failed to demonstrate he suffered

---

[1] Petitioner's objections only relate to certain grounds for review.

prejudice because counsel did not conduct additional investigation.[2]

In his objections, petitioner states he provided counsel with a letter he received that named the party who actually committed the robbery. He states counsel should have investigated the letter to determine whether it could be admitted into evidence.

Petitioner has not provided any details concerning the contents of the letter he refers to or provided the name of the person identified in the letter. Moreover, the letter would have constituted hearsay and petitioner has not identified any arguments counsel could have made that would have resulted in the letter being admitted into evidence. As no details concerning the contents of the letter have been provided, and as the contents of the letter would have been inadmissible, petitioner suffered no prejudice as a result of counsel failing to investigate it.

*Failure to Locate Witnesses*

Petitioner also asserted counsel was ineffective for failing to find available witnesses who could have identified the person who actually committed the crime. The Magistrate Judge observed petitioner had identified no individual counsel could have found to testify on his behalf or demonstrated that any such witness would have been available to testify. Nor had he provided any details concerning the testimony an uncalled witness would have offered.[3] The Magistrate Judge therefore concluded the ground for review was without merit.

In his objections, petitioner states counsel should have identified the person who wrote the letter referenced above and called him to testify. However, petitioner has failed to explain how counsel could have located the letter writer. Moreover, without identifying the proposed witnesses

---

[2] To establish he received ineffective assistance of counsel, a petitioner must establish: (a) counsel's performance fell below an objective standard of reasonableness and (b) the petitioner suffered prejudice as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the prejudice prong of the test, a petitioner must show there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009).

[3] To demonstrate ineffective assistance based upon counsel's failure to call a witness, a petitioner must identify the witness, demonstrate the witness was available to testify and would have done so, set out the contents of the witness's proposed testimony, and show why the testimony would have been favorable to a particular defense. *Day*, 566 F.3d at 529.

and establishing availability to testify, petitioner has failed to satisfy the standard applicable to claims of ineffectiveness based on uncalled witnesses. The court therefore agrees that this ground for review is without merit.

*Failure to Develop Defense Strategy*

In addition, petitioner faults counsel for failing to develop a defense strategy. He states counsel failed to communicate any strategy other than urging him to accept a plea offer.

After reviewing the trial transcript, the Magistrate Judge stated defense counsel's strategy was to demonstrate deficiencies in the prosecution's case and show the case against petitioner had not been proven beyond a reasonable doubt. After describing actions counsel took to further this strategy, the Magistrate Judge stated that while the strategy chosen was unsuccessful, it was not clear that a better strategy was available. The Magistrate Judge therefore concluded counsel's performance on this point did not fall below an objective standard of reasonableness or result in prejudice.

Petitioner states in his objections that counsel should have attempted to prove his innocence by locating the letter writer to demonstrate someone else committed the crime. Again, however, petitioner has not stated how counsel could have located the letter writer or shown that the letter writer would have been willing and available to testify. Accordingly, petitioner has not demonstrated counsel's failure to rely on a different strategy constituted ineffective assistance of counsel.

*Failure to Consult with Petitioner's Prior Attorney*

Petitioner contends counsel was ineffective for failing to consult with his prior attorney and call him to testify. He states his prior attorney could have testified petitioner had recently received a lump sum payment and therefore had no motive to commit robbery. After observing petitioner had not demonstrated his prior attorney would have been willing and available to testify or provided any evidence in support of his contention that his financial situation was such that he had no motive to commit robbery, the Magistrate Judge concluded petitioner had failed to demonstrate counsel's

3

failure to consult with the prior attorney and call him to testify fell below an objective standard of reasonableness or caused prejudice.

In his objections, petitioner states he provided counsel with the name of his prior attorney and that counsel should have contacted him. Even if this statement is assumed to be true, petitioner has still not demonstrated the prior attorney would have been available or willing to testify or provided any evidence of his financial status. Without a showing of availability and willingness to testify or any evidence regarding petitioner's financial status, it cannot be concluded counsel was ineffective on this point.

*In-Court Identification*

Four individuals witnessed the robbery and identified petitioner in court as being the robber. Petitioner was arrested at a gas station following the robbery. The eyewitnesses were brought to the gas station, where they observed petitioner from approximately 70-80 feet away. Each eyewitness stated petitioner was the person who committed the robbery and subsequently identified him during the trial. Petitioner asserted counsel was ineffective for not attempting to have the identifications suppressed. He contended the identifications were irreparably tainted by the impermissibly suggestive identification procedures used at the gas station.

The Magistrate Judge observed it was at least arguable that counsel should have attempted to suppress the in-court identifications. The Magistrate Judge concluded, however, that based on the other evidence against petitioner, there was not a reasonable probability petitioner would have been found not guilty if the identifications had been suppressed. Accordingly, petitioner did not suffer prejudice because counsel did not attempt to have the identifications suppressed. In his objections, petitioner disagrees, stating he would have been acquitted if the in-court identifications had been suppressed.

As the Magistrate Judge stated, the clothes petitioner was wearing when he was arrested matched the clothes the eyewitnesses stated the robber was wearing and petitioner matched the general description of the robber provided by the eyewitnesses. The distinctive truck he was driving

4

also matched the description provide by one of the eyewitnesses. Further, a black beanie matching the one the eyewitnesses stated the robber was wearing was found in petitioner's truck, along with a Coach purse that an eyewitness identified as being the one stolen from her. Based on the other evidence against petitioner, the Magistrate Judge correctly concluded there was not a reasonable probability petitioner would have been found not guilty if the in-court identifications by the eyewitnesses had been suppressed.

ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability concerning his petition. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issues raised by his petition are subject to debate among jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of

encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED** this **27** day of **September, 2017.**

                                                         _____
                                                         Ron Clark, United States District Judge